## ADAMS v. HINDMAN.

### January 15, 1842.

*Rule to show cause why the execution should not be set aside.*

Judgment obtained November 27, 1841. *Fieri facias* and *capias ad satisfaciendum* issued and delivered to sheriff, December 28, 1841, who did not execute either of them; when, on the same day, the defendant issued a writ of error, put in bail, and delivered the writ to the prothonotary, though after the delivery of the executions to the sheriff: *Held*, that the writ of error was a *supersedeas*.

THE facts of the case were as follows:

On the 27th November, 1841, judgment was entered for the plaintiff for want of a sufficient affidavit of defence, and on the 28th December following, the plaintiff took out a *fieri facias* and *capias ad satisfaciendum,* and delivered them to the sheriff to be executed. On the same day a writ of error was sued out of the Supreme Court, and bail in error put in. The writ of error was brought into the office of the prothonotary of this court, after the *scire facias* and *capias ad satisfaciendum* had been delivered to

[Adams v. Hindman.]

the sheriff, and entered upon his docket; *but before they had been placed by him in the hands of an officer.* The defendant obtained this rule, *nisi.*

*Markland,* in support of the rule, contended, that a writ of error, even though issued more than three weeks after the judgment, operates as a supersedeas from the time of its delivery to the plaintiff and the court below, if bail in error has been put in; and this although an execution has been actually issued and lodged with the sheriff, provided it has not yet been served. Frantz *v.* Raser, 3 *S. & R.* 395; Cotton *v.* Daintry, 3 *Ventris* 30; Lane *v.* Bacchus, 2 *T. R.* 44; Perkins *v.* Woolaston, 1 *Salk.* 321; Smith *v.* Nicholson, 1 *Wils; S. C.* 2 *Str.* 1186; Blanchard *v.* Myers, 9 *S. & R.* 67. And the execution will be set aside. Moorfoot *v.* Chivers, 8 *Mod.* 373.

*Emlen,* contra.

Per Curiam.—The writ of error is a supersedeas in this case, and the *fieri facias* and *capias ad satisfaciendum* must be set aside.

Rule absolute.[a]

[a] See Bryan *v.* Comly, in this volume.